IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

GLENNIE J. PHILLIPS, )
 )
 Plaintiff, )
 )
v. ) Case No. 13-00507-CV-W-SWH
 )
CAROLYN W. COLVIN, )
Acting Commissioner of Social Security, )
 )
 Defendant. )

ORDER

James H. Green and Daniel J. Devine have each filed an Application for Attorney's Fees Pursuant to the Equal Access to Justice Act,[1] doc. #31 and #34, seeking attorney fee awards of $7,664.63 and $2,129.06, respectively. The Government opposes the requests arguing that no award should be made because the Commissioner's position was substantially justified. (Doc. #35 at 1-4) Alternatively, the Government maintains that the fees requested reflect duplicative, unnecessary and excessive hours that the Government should not be responsible for as well as charges for administrative tasks at attorney rates. (Doc. #35 at 5-8) Some understanding of the procedural background of this case is necessary to an evaluation of the parties' arguments.

I. PROCEDURAL BACKGROUND

Mr. Green filed a social security complaint on behalf of Glennie Phillips on May 23, 2013. (Doc. #5) Plaintiff's social security brief was due to be filed on or before September 12, 2013. On September 3, 2013, the Court granted plaintiff's request that the time for filing the brief be extended to October 14, 2013. (Doc. #10) On October 1, 2013, the Court granted

---

[1]Hereinafter referred to as the EAJA.

plaintiff's second request for an extension of time in which to file her brief and gave plaintiff until November 14, 2013, in which to file her brief.  No brief was filed on November 14, 2013, nor did counsel seek a further extension of time in which to file the brief.

On January 8, 2014, the Court ordered plaintiff to either file her brief or show cause why the case should not be dismissed on or before January 15, 2014.  (Doc. #14)  Thereafter, the Court granted plaintiff's request that she be given until January 27, 2014, in which to respond to the Court's show cause order.  (Doc. #15)  On January 27, 2014, counsel filed another motion for extension of time asking that she be given until February 6, 2014, to respond to the Court's show cause order.  (Doc. #16)  In response, the Court denied the motion and gave plaintiff fourteen days in which to retain new counsel.  (Doc. #17)  In response to that order, Mr. Devine filed a notice of appearance on behalf of Glennie Phillips.  (Doc. #18)  The Court then established a new briefing schedule.  (Doc. #19)  Oral argument was held on September 3, 2014, and the case was remanded to the Commissioner of Social Security for further proceedings in accordance with the Court's directives.  (Doc. #27 and #28)  Thereafter, both Mr. Green and Mr. Devine filed applications for attorney fees under the EAJA seeking a total of $9,793.69 which represents 51.75 hours of attorney time at the rate of $189.25 per hour.  (Doc. #31 and #34)

## II. DISCUSSION

The Equal Access to Justice Act, 28 U.S.C. § 2412, provides:

> **(d)(1)(A)** Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, <u>unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.</u>

(emphasis added) The Commissioner bears the burden of proving that the denial of benefits was "substantially justified." See Lauer v. Barnhart, 321 F.3d 762, 764 (8th Cir. 2003). To establish substantial justification, the Commissioner must show that the denial of benefits had a reasonable basis in law and fact. See Welter v. Sullivan, 941 F.2d 674, 676 (8th Cir. 1991)(citing Pierce v. Underwood, 487 U.S. 552, 565-66 (1988)). The test for whether the Commissioner's position was substantially justified requires a showing that the position was "clearly reasonable, well founded in law and fact, solid though not necessarily correct." Friends of Boundary Waters Wilderness v. Thomas, 53 F.3d 881, 885 (8th Cir. 1995). This means that the Commissioner's position need only be "justified to a degree that could satisfy a reasonable person" to defeat a claimant's application for attorney fees. Pierce, 487 U.S. at 565. The Commissioner's position in denying benefits can be substantially justified even if the denial is unsupported by substantial evidence on the record as a whole. See Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir. 1986). The rationale underlying this rule is that the substantial evidence and substantial justification standards are different. As the Eighth Circuit explained:

> Under the substantial evidence standard, the district court must consider evidence that both supports and detracts from the Secretary's position. Clarke v. Bowen, 843 F.2d 271, 272 (8th Cir. 1988). In contrast, under the substantial justification standard the district court only considers whether there is a reasonable basis in law and fact for the position taken by the Secretary. Pierce, 487 U.S. at 559, 108 S.Ct. at 2547; Broussard, 828 F.2d at 312. Because the standards are "neither semantic nor legal equivalents," Broussard, 828 F.2d at 311, the Secretary can lose on the merits of the disability question and win on the application for attorney's fees, id. at 312.

Welter v. Sullivan, 941 F.2d at 676.

As noted by the Commissioner, plaintiff raised four issues in support of her claim for reversal. However, the Court did not reverse on the basis of any of these arguments, but rather because of concern over the lack of medical records during a time period in which plaintiff

3

indicated she had continued to seek treatment.[2]  Given that the case was being remanded for the purpose of determining if additional records existed, the Court also directed the ALJ to obtain a consultative exam to assist in developing the RFC.

As noted in the Commissioner's objections to the attorney fee requests, while the ALJ has the duty to develop the record, the burden to produce medical evidence supporting plaintiff's claim is on the plaintiff.  (See doc. #35 at 3-4)  Accordingly, the Court concludes that this is one of the rare cases in which the actions of the Commissioner were substantially justified, despite the Court's order of remand, and thus, an award of attorney fees is not authorized by the statute.

Additionally, the Court can deny attorney fees under the EAJA if "special circumstances make an award unjust."  In the circumstances of this case, the brief was not filed by counsel until almost seven months after it was originally due to be filed and, as pointed out by defendant, the time sought includes duplicative, unnecessary and excessive hours.  Because of Mr. Green's inability to timely meet Court deadlines, the Court gave plaintiff an opportunity to find other counsel.  A review of the time records of Mr. Devine and Mr. Green demonstrates that after Mr. Devine entered his appearance in response to the Court order giving plaintiff the opportunity of finding other counsel, Mr. Green continued to participate in the case.  It appears that the brief filed on April 6, 2014 was prepared by Mr. Green rather than Mr. Devine.  Mr. Devine's time records do not contain any time for preparing the brief, only for reviewing it in preparation for oral argument.  Given the foregoing, it appears to the Court that Mr. Green, along with Mr. Devine, defied the spirit of the Court's order that new counsel be retained.  It is apparent from the time records submitted that Mr. Green continued to work as counsel and prepared plaintiff's

---

[2]Counsel at the hearing before the Court was unaware of whether additional records existed. Counsel at the administrative level was asked if further records existed, but was unaware of any. (See doc. #35 at 3)

4

Case 4:13-cv-00507-SWH   Document 37   Filed 04/07/15   Page 4 of 5

brief, in effect obtaining for himself another lengthy extension of time. Mr. Devine acquiesced in this arrangement and merely presented Mr. Green's brief to the Court, accruing additional time to familiarize himself with the work product of Mr. Green before participating in oral argument.

Finally, the Court questions the accuracy of Mr. Green's time records. Between May of 2013 and January 29, 2014, the records submitted in support of the fee request reflect no time entries. On April 6, 2014, plaintiff's brief was filed by Mr. Devine at 1:57 p.m. Mr. Green's time records for April 6, 2014, reflect 22 hours for researching and writing the brief filed at 1:57 p.m. that day. Thus, at least with respect to the preparation of the brief, counsel has not submitted contemporaneous time records setting forth what work was performed on particular days. All of these factors in combination suggest to the Court that "special circumstances" would also make an attorney fee award "unjust" in this case.

### III. CONCLUSION

Accordingly, for the reasons discussed in this Order, it is

ORDERED that the Application for Attorney's Fees Pursuant to the Equal Access to Justice Act, doc. #31, is denied. It is further

ORDERED that the Application for Attorney's Fees Pursuant to the Equal Access to Justice Act, doc. #34, is denied.

          /s/ Sarah W. Hays
          SARAH W. HAYS
          UNITED STATES MAGISTRATE JUDGE